UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY ROADEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 3:15-CV-404-PLR-CCS |
| v. | ) |
| | ) |
| ROBBIE GOINS, ERIC JONES, and | ) |
| RANDY COMER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se complaint under 42 U.S.C. § 1983 and two motions for leave to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 4], which included the documents required under 18 U.S.C. § 1915(a)(2), will therefore be **GRANTED**, and plaintiff's first motion for leave to proceed *in forma pauperis* [Doc. 1], which did not include the documents required under 18 U.S.C. § 1915(a)(2), will be **DENIED**. For the reasons set forth below, however, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

> The substance of Plaintiff's complaint is set forth in full below:
>> Being charged way too much on medical and [medical care] is inefficient.
>>
>> There is also no outside recreation for us, no law library, inmate counselors[,] or time keepers.
>>
>> There [are] also no kind of programs for us to take.
>>
>> There is no getting to prison in a timely fashion.

[Doc. 2 p. 4]. As relief, Plaintiff requests that Defendants "[p]ay for all [of his] medical costs." [*Id.*].

Plaintiff's allegation that he is charged too much for medical visits amounts to a claim for deprivation of personal property. A plaintiff may not maintain an action under § 1983 for a deprivation of personal property, whether negligent, *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986), or intentional, *Hudson v. Palmer*, 468 U.S. 517 (1984), where an adequate post-deprivation state remedy exists to address the claim and there is no allegation that the procedures are inadequate. *Parratt*, 451 U.S. at 543–44. The statutes governing the Tennessee Claims Commission, *see* Tenn. Code Ann. § 9-8-301 *et seq.*, provide plaintiff with a state remedy for this claim. Plaintiff has not alleged that this state remedy is inadequate. Accordingly, this statement fails to state a claim upon which relief may be granted under § 1983 and it will be **DISMISSED**.

Plaintiff's claim that his medical treatment at the jail "is inefficient" likewise is insufficient to state a claim for relief pursuant to § 1983. A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle,* 429 U.S. at 104–5. Also, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb,* 930 F.2d 1150, 1154–55 (6th Cir.1991)); *see also Estelle*, 429 U.S. at 103 ("[T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose"). Where a prisoner receives some medical care and the dispute is over its adequacy, however, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort

3

law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Plaintiff's allegation that the medical treatment he has been provided is not as efficient as he would prefer makes it clear that Plaintiff merely questions the manner in which his medical care has been provided. Accordingly, this assertion fails to state a claim for relief under § 1983.

Plaintiff next asserts that he is not provided with outside recreation. Plaintiff does not state the duration of the alleged denial of outdoor recreation, nor does he state whether this denial was penological in nature. The Court recognizes that a total denial of outdoor recreation could violate the Eighth Amendment if the prison official responsible for that condition was deliberately indifferent to an inmate's needs, had no penological justification for the condition, and allowed the condition to persist for an unreasonably long period of time. *See Wilson v. Seiter*, 501 U.S. 294, 302–3 (1991) (finding that an inmate who claims that his living conditions amount to cruel and unusual punishment must establish that defendants possessed the requisite mental state); *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978) (holding that "a filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months"); *Patterson v. Mintzes*, 717 F.2d 284, 289 (holding that "[i]t is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees"); *Spain v. Procunier*, 600 F.2d 189, 199–200 (9th Cir. 1979) (holding that deprivation of outdoor exercise for several years violated the Eighth Amendment). Plaintiff's bare assertion that he is denied outside recreation, however, fails to raise his right to relief above a speculative level, as denial of outdoor recreation for a reasonable amount of time, even without penological justification, would not violate the Eighth Amendment. Accordingly, this assertion fails to state a claim.

4

Case 3:15-cv-00404-PLR-CCS   Document 5   Filed 10/20/15   Page 4 of 7   PageID #: 19

Moreover, even if the Court generously and liberally construes the complaint to allege that someone has denied Plaintiff outside recreation for an unreasonable amount of time with no penological justification, Plaintiff's complaint does not assert that any of the individual Defendants had anything to do with this denial. Accordingly, this allegation does not state a claim for relief under § 1983 as to these defendants. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (holding that "liability cannot be based solely on the right to control employees"). Accordingly, this claim will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 as to these defendants.

Plaintiff next alleges that there is no law library at the jail. An inmate has a right of access to the courts under the First Amendment, and this includes a right of access to adequate law libraries or assistance from someone trained in the law. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to establish a claim for violation of this right, however, a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to courts. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As Plaintiff has not alleged that the lack of a law library has resulted in prejudice to any claim, this allegation fails to state a claim for which relief may be granted under § 1983 and it will be **DISMISSED**.

Plaintiff next asserts that there are no inmate counselors or timekeepers at the jail. Plaintiff does not explain what, if any, need for an inmate counselor or timekeeper exists, nor does he assert that any injury has resulted from the lack thereof. Accordingly, this bare assertion does not raise his right to relief above a speculative level and it will be **DISMISSED**.

Plaintiff also alleges that he does not have access to any programs at the jail. Liberally construing the complaint, it appears that Plaintiff is referring to a lack of vocational, rehabilitation and/or educational programs at the jail. Prisoners, however, do not have a

5

constitutional right to such programs. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (holding that eligibility for prison rehabilitative programs is within the "full discretion" of prison officials, and that prisoners have no legitimate constitutional entitlement to them). This assertion therefore likewise fails to state a claim upon which relief may be granted under § 1983 and it will be **DISMISSED**.

Plaintiff's last assertion is that the jail has not had him placed in prison in a timely fashion. As the Supreme Court has held that a prisoner has no constitutional right to be placed in any particular institution, *Meachum v. Fano*, 427 U.S. 215, 224 (1976), this assertion also fails to state a claim for which relief may be granted under § 1983. As such, it will be **DISMISSED**.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it concludes that the complaint fails to state a claim upon which relief may be granted at this time. Accordingly, this action will be **DISMISSED.**

Because plaintiff is an inmate in the Campbell County Detention Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of Campbell County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk

is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**

7

Case 3:15-cv-00404-PLR-CCS   Document 5   Filed 10/20/15   Page 7 of 7   PageID #: 22